UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LFR COLLECTIONS LLC,
*as Acquirer of Certain Receivables of*
*The Stillwater Asset Fund LP*,

        Plaintiff,

v.                                      Case No.: 8:11-cv-1117-T-24EAJ

PHILLIP H. TAYLOR, M.D., J.D., P.A.
and PHILLIP TAYLOR,

        Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendant Phillip H. Taylor, M.D., J.D., P.A.'s Motion to Dismiss for Lack of Proper Service of Process. (Dkt. 25.) Plaintiff LFR Collections, LLC, opposes the motion. (Dkt. 28.) Also before the Court is Defendant Phillip Taylor's Motion to Dismiss for Failure to State a Claim and Improper Venue, or alternatively, for Forum Non-Conveniens Transfer. (Dkt. 26.) Plaintiff LFR Collections, LLC opposes the motion. (Dkt. 27.)

**I.    Background**

Stillwater Funding LLC ("Stillwater"), the original party in interest, commenced this breach of contract action to collect on a debt owed by Defendant Phillip H. Taylor, M.D., J.D., P.A. ("the Borrower" or "the Professional Association"). In the original complaint, Stillwater alleged that the Professional Association borrowed $1,750,000.00, which was evidenced by a note and credit agreement. Defendant Phillip Taylor executed an unlimited, unconditional, and continuing guaranty of payment of the Professional Association's obligations under the note and

credit agreement. The Professional Association is presently in default on the loan.

After the original complaint was filed, Plaintiff LFR Collections, LLC, ("LFR") acquired Stillwater's interests and right to payment under the loan and substituted itself for Stillwater in this action. LFR then filed an Amended Complaint.

## II.     Defendant Phillip H. Taylor, M.D., J.D., P.A.'s Motion to Dismiss for Lack of Proper Service of Process

Defendant Phillip H. Taylor, M.D., J.D., P.A. first moves to dismiss this case for lack of proper service pursuant to Federal Rule of Civil Procedure 12(b)(2). It contends that proper service on the Professional Association's registered agent was never made. In support of this motion, it filed a statement from Phillip Taylor in which he states that he is the registered agent for the Professional Association, that he was never served with process, and that any attempt to serve was made on a member of his family. The Professional Association contends that substitute service on a member of its registered agent's family does not constitute proper service.

LFR responds that, pursuant to Rule 25, it served a copy of its motion to substitute, the Amended Complaint, and a summons on the Professional Association by certified mail, which is the method of service the Professional Association agreed to under the credit agreement. LFR specifically points to Section 8.11 of the Credit Agreement, which states that "[i]n any such litigation, the [Professional Association] waives personal service of any summons, complaint, or other process and agrees that the service thereof may be made by certified mail directed to it at its address set forth herein." LFR contends that it served the Professional Association at the address set forth in the credit agreement, and the return receipt was signed by Phillip Taylor.

LFR therefore contends that service by certified mail was proper.[1]

Rule 25(c) permits the substitution of a person who has acquired the interests of a party after the commencement of an action. Here, LFR was properly substituted for Stillwater as the plaintiff, when the Court granted LFR's unopposed motion for substitution and LFR filed its Amended Complaint against the defendants. (Dkt. 21.) Furthermore, courts have long recognized that under Rule 4, parties may agree upon the method of service. *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316, 84 S. Ct. 411, 11, L. Ed. 2d 354 (1963) (holding that "parties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether"); *Trump v. Dagostino,* 2010 U.S. Dist. LEXIS 92410, at *3 (M.D. Fla. Aug. 24, 2010) (finding that service of process by Federal Express in accordance with the parties' agreement was proper under Rule 4).

Here, the Professional Association agreed to service of process by certified mail directed to its address, and service was made accordingly. LFR filed a copy of the return receipt which shows that it was sent by certified mail to the Professional Association, and that it was signed by the Professional Association's registered agent, Phillip Taylor. Therefore, the Professional Association's motion to dismiss for lack of proper service must be denied.

### III. Defendant Phillip Taylor's Motions to Dismiss and to Transfer

Defendant Phillip Taylor moves to dismiss this case for improper venue under Rule 12(b)(3). Alternatively, he moves to transfer this case to New York under 28 U.S.C. Section 1404 for the convenience of parties and witnesses. Finally, if the Court does not dismiss or

---

[1] LFR seeks to recover its costs in opposing this motion. That request is denied.

transfer because of venue, Taylor moves to dismiss the entire complaint for failure to state a claim under Rule 12(b)(6).

### A.      Taylor's Motion to Dismiss for Improper Venue

First, Taylor moves to dismiss the complaint based on improper venue under Rule 12(b)(3). He contends that the forum selection clauses contained in the parties' agreements require that the case be tried in New York. Motions to dismiss based on forum selection clauses are properly brought pursuant to Rule 12(b)(3) as motions to dismiss for improper venue. *Slater v. Energy Servs. Group Int'l, Inc.,* 634 F.3d 1236, 1333 (11th Cir. 2011); *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285,1290 (11th Cir. 1998).

Generally, there are two types of forum selection clauses, mandatory and permissive. *Slater*, 634 F.3d at 1330. "A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere, whereas a mandatory cause dictates an exclusive forum for litigation under the contract." *Id.* (citations, quotations, and alterations omitted). A mandatory clause uses specific language of exclusion, such as the word "shall," while permissive clauses "contain[] no mandatory language to indicate that the parties meant to foreclose litigation anywhere else." *Stateline Power Corp. v. Kremer*, 148 Fed. Appx. 770, 771 (11th Cir. 2005).

The forum selection clause contained in the guaranty signed by Taylor reads: "The undersigned hereby irrevocably submits to the jurisdiction of any New York State or Federal Court located in New York City, over any action or proceeding arising out of any dispute between the undersigned and the Lender." This clause does not contain any language mandating that the parties litigate in New York; nor does it foreclose litigation elsewhere. It is permissive, and therefore, LFR had the right to choose Florida to prosecute this action.

4

Taylor contends that the clause at issue should be construed as mandatory, despite its lack of mandatory language, because to construe it as permissive would be to render it meaningless. Taylor relies on *Florida Polk County v. Prison Health Services, Inc.*, 170 F.3d 1081, 1999 (11th Cir. 1999), a case in which the court found that a permissive forum selection clause was nevertheless mandatory because to construe it as permissive would render it meaningless. This was because the court chosen by the parties already had the authority to entertain any controversy between the parties arising out of the contract. *Id.* This case, however, is distinguishable because, based on the limited facts before the Court, the Court is not convinced that a New York court would have jurisdiction over the defendants, who are both Florida residents.

In conclusion, Taylor's motion to dismiss for improper venue must be denied because the forum selection clause contained in the guaranty that the parties signed is permissive, and does not prohibit litigation in this Court.

**B.    Taylor's Motion to Transfer Venue**

As an alternative to dismissal, Taylor moves to transfer this case to New York[2] pursuant to 28 U.S.C. Section 1404(a). That statute provides, "[f]or the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The party seeking transfer bears the burden of showing that the interests of justice are served by transferring this action, after

---

[2]Taylor did not specify the New York court to which he is seeking transfer.

consideration of several factors.³ *Biologics, Inc. v. Wound Sys., LLC*, 2009 U.S. Dist. LEXIS 36189, at *8-9 (M.D. Fla. Apr. 14, 2009). Ultimately, the decision whether to transfer the action is within the broad discretion of the trial court. *American Aircraft Sales Int'l, Inc. v. Airwarsaw, Inc.*, 55 F. Supp. 2d 1347, 1351 (M.D. Fla. 1999).

Here, Taylor failed to meet his burden of establishing that transfer is appropriate. Taylor did not offer any evidence or make any credible arguments that a transfer to New York would be more convenient for any witness. Furthermore, it would presumably be more convenient and more economical for Taylor, who is representing himself *pro se*, to defend this action in his home state of Florida than to travel to New York. The locus of operative facts is balanced in neither party's favor. Although the loan documents were executed in New York, the Professional Association and Taylor are both located in Florida, which is presumably where the lender's funds were spent. Finally, this Court is equally capable as a New York court to interpret and apply New York law.

In conclusion, Taylor did not present any evidence to support his contention that a transfer to New York would better serve the interest of justice. Therefore, because he did not meet his heavy burden of overcoming LFR's choice of forum, the motion must be denied.

### C.     Taylor's Motion to Dismiss for Failure to State a Claim

Taylor's final argument is that the Amended Complaint should be dismissed because it

---

³The Section 1404(a) factors to be considered include: "(1)the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interest of justice, based on the totality of the circumstances." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

does not provide sufficient information concerning the manner in which LFR was damaged. This argument, which is presented in a single sentence in the introduction of Taylor's motion, lacks merit.

In the Amended Complaint, LFR alleges that the Professional Association entered into a revolving credit note with the lender. It also alleges that Taylor provided an unconditional, unlimited, and continuing guaranty of the Professional Association's obligations under the loan. LFR acquired the right to payment under the loan, including the right to payment under the guaranty. The Professional Association defaulted on the loan, and Taylor has not paid the amount owed by the Professional Association to LFR.

Viewing the allegations in the Amended Complaint in the light most favorable to LFR, the Court concludes that the Amended Complaint provides sufficient information concerning how LFR was damaged to put the defendants on notice of what the claims are and the grounds upon which they rest. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Accordingly, the motion must be denied.

**IV.     Conclusion**

Accordingly, for the reasons stated herein, Defendant Phillip H. Taylor, M.D., J.D., P.A.'s Motion to Dismiss for Lack of Proper Service of Process (Dkt. 25) is **DENIED**. Defendant Phillip Taylor's Motion to Dismiss for Failure to State a Claim and Improper Venue or Forum Non-Conveniens Transfer (Dkt. 26) is also **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of October, 2011.

Copies to:
Counsel of Record

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge